KATHRYN KENEALLY
Assistant Attorney General

ADAM R. SMART
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6422 (v)
202-307-0054 (f)
Adam.R.Smart@usdoj.gov

*Attorney for Special Agent Kornacki*

LAURA DUFFY
United States Attorney
Southern District of California
*Of Counsel*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

John Doe Company, and on behalf of all similarly situated in the State of California,

Plaintiff,

v.

John Does 1-15,

Defendant.

Case No. 3:13-cv-2099-BEN-RBB

**JOINT MOTION TO STAY CASE PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS**

Defendant, Special Agent Gabriel Kornacki, and Plaintiff "John Doe Company," by and through their counsel, hereby stipulate and jointly move for a stay of this case until after the criminal proceedings are resolved in the related case currently pending in this Court, *United States v. Pollock*, 3:12-cr-04599-MMA (S.D. Cal.). The present civil proceeding challenges the actions of federal agents in conducting the criminal investigation relating to the above referenced criminal proceeding. Accordingly there is overlap in the criminal matter and this suit. *See Halliday v. Spjute*, 2008 WL 5068588, at *2 (E.D. Cal. Nov. 25, 2008). In fact, defendant in the criminal proceedings has already challenged the United States' ability to access the images that are the subject of this civil proceeding. *See* 3:12-cr-04599 (Dkt. 26 (opposition to motion to access server images); Dkt. 36 (Notice of Appeal from Order[1])).

In the face of parallel criminal proceedings, a court may decide in its discretion to stay a civil case, "when the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995).

---

[1] The Ninth Circuit Docket indicates that it will likely be dismissing the appeal as one that comes within the collateral order doctrine. *See* Case No. 13-50472 (9th Cir.) (Docket 2) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (stating that finality requirement generally "prohibits appellate review until after conviction and imposition of sentence")).

When deciding whether to stay civil proceedings due to a parallel criminal proceeding, courts should make the decision "in light of the particular circumstances and competing interests involved in the case." *Id.* (quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989)) (internal quotations omitted). The Ninth Circuit, in *Keating*, has listed five factors for trial courts to apply in deciding whether to stay a civil case under these circumstances:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to the plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

45 F.3d at 324-25.

Because plaintiff is joining in the present motion, the first factor weighs in favor of granting the stay. In a case where the criminal investigation is the subject of the civil proceeding, such as here, the public interest factor strongly favors granting the stay to prevent civil discovery from interfering with the criminal case. *Halliday*, 2008 WL 5068588, at *4. Moreover, a stay in this case will promote efficiency as the issue of the propriety of accessing the images on the server which are the subject of this civil proceeding has already been raised in the criminal proceeding. *See Douglas v. United States*, 2006 WL 2038375, at * 6 (N.D. Cal.

July 17, 2006) (citing *Bridegport Harbour Place I, LLC*, 269 F. Supp. 2d 6, 9 (D. Conn. 2002)); *Johnson v. New York City Police Dept.*, 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003). *See also Eggleston v. Pierce County, Wash.*, 99 F. Supp. 2d 1280, 1282 (W.D. Wash. 2000) (where criminal case involves validity of search that forms basis for claims in civil case, adjudication of the civil claims is "inextricably intertwined" with the criminal proceedings, and a stay is in the best interest of judicial efficiency); *Tagliamonte v. Wang*, 340 Fed. Appx. 839, 841, 2009 WL 2460735, at *3 (3d Cir. 2009) ("when dealing with a potential conflict between a civil claim and an ongoing criminal case (as opposed to an accomplished criminal conviction), 'it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case ... is ended.'"); *Crooker v. Burns*, 544 F. Supp. 2d 59, 65 (D. Mass. 2008) (granting stay "will permit the full development of a record regarding the criminal proceedings so the court may better judge the relevance of the seizures challenged by Plaintiff and rule consistently on any constitutional issues.").

In addition, the fact that there has been an indictment in the criminal proceedings also weighs in favor of granting the stay. *See S.E.C. v. Global Express Capital Real Estate Inv. Fund, I,* LLC, 289 Fed. Appx. 183, 191, 2008 WL 3822442, at *6 (9th Cir. Aug. 7, 2008); *Johnson v. New York City Police Dept.*,

2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003) ("The existence of an indictment generally favors the granting of a stay in a related civil proceeding.").

Accordingly, the parties jointly request a stay of the present civil proceedings until the criminal proceedings in *United States v. Pollock*, 3:12-cr-04599-MMA (S.D. Cal.), are resolved. The parties suggest setting a telephonic status conference approximately six months from now to discuss the status of the criminal proceedings. A proposed order has been lodged herewith.

Dated this 19th day of December, 2013.

Respectfully submitted,

/s/ Robert E. Barnes
ROBERT E. BARNES
Barnes Law
22631 Pacific Coast Highway
Suite 362
Malibu, CA 90265

*Attorney for Plaintiffs, John Doe Company, et al.*

KATHRYN KENEALLY
Assistant Attorney General

By: /s/ Adam R. Smart
ADAM R. SMART
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6422 (v)
202-307-0054 (f)
Adam.R.Smart@usdoj.gov

*Attorney for Special Agent Kornacki*

LAURA DUFFY
United States Attorney
*Of Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December, 2013, I have mailed the forgoing by United States Postal Service to the following:

ROBERT BARNES
Barnes Law
22631 Pacific Coast Highway, Suite 362
Malibu, CA 90265

/s/ Adam R. Smart
ADAM R. SMART
Trial Attorney
United States Department of Justice, Tax Division