CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

HENRY C. DARMSTADTER
RYAN S. WATSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6481 / 202-514-5173 (v)
202-307-0054 (f)
henry.c.darmstadter@usdoj.gov
ryan.watson@usdoj.gov

*Attorneys for Special Agent Gabriel Kornacki*

LAURA DUFFY
United States Attorney
Southern District of California
*Of Counsel*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Doe Company, and on behalf of all similarly situated in the State of California,<br><br>Plaintiff,<br><br>v.<br><br>John Does 1-15,<br><br>Defendant. | Case No. 3:13-cv-2099-MMA-AGS<br><br>**SPECIAL AGENT KORNACKI'S REQUEST FOR JUDICIAL NOTICE [FED. R. EVID. 201]** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In connection with this Motion to Dismiss, Special Agent Gabriel Kornacki requests in accordance with Fed. R. Evid. 201 that the Court take judicial notice of proceedings in the related criminal matter, *United States v. Pollock*, 3:12-cr-04599-MMA (S.D. Cal.), and the redacted search warrant materials (POL-SW 000001-000063).

Although a district court generally should not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.1994).

Federal courts may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue. *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir.2007); *Densmore v. Mission Linen Supply*, 164 F. Supp.3d 1180 (E.D. Cal. 2016); *Ewing v. Superior Court of California*, 90 F. Supp.3d 1067 (S.D. Cal. 2015).

Documents specifically referenced or identified in the complaint whose authenticity is not questioned by parties may also be considered on a motion to

dismiss. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n. 1 (9th Cir.1995) (superseded by statutes on other grounds); *Ewing*, 90 F. Supp.3d 1073. Moreover, the court may consider the full text of those documents even when the complaint quotes or references only selected portions of the document. *Id.*

Dated: November 10, 2016

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

By: */s/ Henry C. Darmstadter*
HENRY C. DARMSTADTER
RYAN S. WATSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6481 / 202-514-5173 (v)
202-307-0054 (f)
henry.c.darmstadter@usdoj.gov
ryan.watson@usdoj.gov

*Attorneys for Special Agent Kornacki*

LAURA DUFFY
United States Attorney
*Of Counsel*